Per Curiam.
The action is for personal injuries. The fact that the plaintiff, prior to the commencement of this action, had brought a suit (which was afterwards discontinued) against the Knickerbocker Ice Co. for the same injuries, did not estop him from bringing an action against the defendant. At the trial he explained how he came to do it, and, in view of the explanations given, the evidence concerning his conduct in the institution, prosecution and discontinuance of that suit, was matter for the jury.
So the testimony concerning an offer of $100 made by the plaintiff to the witness Conway was properly left to the jury, together with plaintiff’s explanation concerning the same, to be considered by them in determining how much weight they would give to plaintiff’s testimony.
The point raised by the defendant as to the calling of the witness Johnson by the trial judge, presents no ground for reversal. The witness was immediately accepted by the plaintiff as his witness. If, as is now *412 claimed, the circumstances under which this was done, and especially the remarks which passed between the trial judge and the counsel for the defendant at the time, tended to prejudice the defendant’s case with the jury, the defendant, upon proof of the fact and a case regularly made and settled, should have moved at special term for a new trial as matter of discretion. This was not done. No relief will be granted on a mere general exception.
The rulings of the trial judge on the question of damages, taken together, disclose no error under the decision of Ehrgott v. The Mayor &c., 96 N. Y. 264.
The instructions given to the jury upon this point sufficiently guarded the rights of the defendant.
The case, as a whole, discloses no ground for reversal.
It was á case for the jury ; it was fully and properly submitted to them; and no sufficient reason appears why their verdict should be disturbed.
The judgment and order should be affirmed with costs.